UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | * | |
| | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Case no. 1:09-mc-00557 HHK |
| | * | |
| WORLD AVENUE USA, LLC, ET AL. | * | ( USDC-MD Case No. 08-0921 PJM) |
| | * | |
|     Defendants | * | |

## OPPOSITION OF NON-PARTY WILLIAM WAGNER TO MOTION TO COMPEL

William Wagner, a non-party, through counsel, Michael S. Rothman and Stephen H. Ring, responds to the motion to compel filed against him by World Avenue USA, LLC (WAUSA).

### I. Response to Subpoena

William Wagner denies that service of the subpoena was properly effected and does not waive service. Regardless, Mr. Wagner prefers to get this matter behind him and so addresses the merits. Attached is his affidavit explaining that he has already responded to the Greenberg firm in writing twice (See Exhibits O and Q to the motion), and that he does not have possession or control of any responsive documents.

William Wagner resides in Rockville, Maryland and has no current ties to Washington, D.C. by way of residence, work or regular course of conduct. The underlying suit, as captioned above, is pending in the U.S. District Court for Maryland, Southern Division (Greenbelt). It is unclear why WAUSA chose to issue the subject subpoena under this Court's authority. The discovery sought, most of it technical in nature, would more appropriately be directed to Plaintiff, Beyond Systems, Inc.

## II. Background

BSI is a small ISP (Internet service provider), also referred to as an interactive computer service provider or ICSP, who has sued WAUSA and others for violations of certain anti-spam statutes.  BSI was formed in 1996 and has operated as an ISP continuously since then.

Defendant WAUSA is one of a group of entities, most of which have historically operated under the same roof in Florida, owned and/or controlled by Niuniu Ji, an individual residing in Florida and in the Bahamas.  The "World Avenue Companies," as they call themselves, have been sued several times for violation of anti-spam statutes and for deceptive advertising practices.  Attached is a bulletin issued by the Florida Attorney General describing its suit against "World Avenue," one of Mr. Ji's companies, based on facts similar to those alleged in the instant suit.  Also attached is an article from the San Francisco Chronicle describing the operations of "World Avenue," which is Exhibit 29 to the Amended Complaint in the Maryland suit, and mirrors facts alleged in the Amended Complaint and in other exhibits attached to it.  The Amended Complaint, without its exhibits, is Exhibit A to the motion.

One of World Avenue's trade names is "The Useful."  (See copy of web page, attached, showing "The Useful, a World Avenue Company" at the top, and "©2008 World Avenue Holdings, LLC" at the bottom.) According to "The Useful's" Vice-President and General Counsel, Homer Appleby, "The Useful is an Internet marketing company that promotes products and/or services to the consuming public through third party affiliate networks and e-mail marketing companies."  BSI contends that "The Useful" and the World Avenue Companies conduct their "Internet marketing" activity through the use of illegal spam.

BSI has sued WAUSA, Mr. Ji and related entities under Maryland Commercial

Electronic Mail Act, Commercial Law §14-3001 et seq. ("MD-CEMA") and the Florida Commercial Electronic Mail Act, Florida Statutes, §§668.603 and 668.606 ("FL-CEMA") for sending deceptive commercial email.

Having faced other similar litigation, World Avenue has now chosen to try a new tack: attack the victim. WAUSA argues that BSI is a lawsuit mill that "manufactures" claims. The complete set of facts will reveal the absurdity of Defendants' invectives against BSI, which is a legitimate ISP and does not "manufacture" claims. Defendants are so caught up in their witch hunt that they are unable to distinguish parties from non-parties, and use the same insulting rhetoric hurled against BSI, against William Wagner, a retired NASA scientist of some distinction.

### III.  Rain of 45 Subpoenas

Consistent with their new "scorched earth" approach, Defendants have issued subpoenas to approximately 45 non-parties in a campaign of harassment obviously designed to intimidate persons having any association with Plaintiff or its president, Paul Wagner. (See list of subpoena recipients, attached.) These subpoenas have been issued to Mr. Wagner's siblings around the country, his mother's employer (St. Luke's House, a psychiatric facility where she is the coordinator of volunteer workers), his parents' condominium association, and a variety of individuals and entities who have provided services to, or received services from, BSI or from Hypertouch, Inc., a small California-based ISP owned by J. Joseph Wagner, brother of Paul Wagner. Samples of some of these subpoenas are attached.

Each of the subpoenas includes several pages of definitions and document demands, sufficient to intimidate the average recipients who is not accustomed to litigation. They require

an investment of time to review and evaluate the task at hand, and to determine whether any of the items sought in fact exist and can or should be produced.  Most of the subpoena schedules are not well tailored to the individual recipient, apparently creating some puzzlement among the recipients. They have resulted in production of few documents, although others have resulted in the production of dozens or hundreds of pages, sometimes including personal and family information. It is not clear how Defendants have developed their list of targets for these subpoenas, but they have obviously gone to great lengths to do so.   It is in this context that the subpoena to William Wagner was issued.

The parties have exchanged written document requests and interrogatories on the merits. The responses to those requests are now due December 8, 2009.  Defendant chose to issue its subpoenas to non-parties without waiting to see what information might be forthcoming from Plaintiff.

## IV.  Invectives Against BSI

WAUSA uses the motion to lob insults at BSI and its owner, Paul A. Wagner, while mischaracterizing BSI's operations.  WAUSA argues that its subpoena to William Wagner is necessary, and that Mr. Wagner's contention that he has nothing responsive is false.  WAUSA reasons that William Wagner must be hiding something because BSI has servers at William's residence, and WAUSA has concluded that BSI is nefarious.  Rather than load up the file in this Court for a mini-trial of the main case, we respectfully refer the Court further to the attached exhibits, including the Declaration of Paul A. Wagner to the effect that:

1) BSI is a legitimate ISP;

2) The subpoena to William Wagner is part of an abusive and over-broad rain of

subpoenas on non-parties;

3) The sharing of server functions between Hypertouch and BSI is legitimate; and

4) The discovery sought from William Wagner is more appropriately directed to BSI, and is not yet due.

### V. Conclusion - Sanctions Against Issuer of Subpoena

Rule 45 of the Federal Rules of Civil Procedure provides in relevant part:

. . . (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and <u>impose upon the party or attorney in breach of this duty an appropriate sanction</u>, which may include, but is not limited to, lost earnings and a reasonable attorney's fee. . . .

William Wagner is a non-party who was forced to respond to a poorly crafted subpoena. He has none of the items requested. The motion should be denied.

The subpoena seeks groups of documents William Wagner was unlikely to have in the first place, and are the subject of pending discovery directed to BSI. William Wagner was forced to take the time to determine whether he had any items responsive to the subpoena, to respond twice on his own, and finally to engage counsel to respond to the subpoena, in addition to the aggravation and annoyance of the entire process. Defendants should be required to pay Mr. Wagner for the time and expense, including attorney time, required to respond to the subpoena and to the motion to compel. William Wagner requests leave to submit additional affidavits as necessary to support this claim for relief under Rule 45(c)(1).

_____/s/_____
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610


_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Telephone: 301-563-9249
Facsimile: 301-563-9639

*Attorneys for Non-Party William Wagner*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


_____/s/_____
Michael S. Rothman

## List of Exhibits

Affidavit of William J. Wagner

Affidavit of Paul A. Wagner

List of Subpoenas issued by WAUSA to Non-Parties

Samples of Subpoenas (to Wagner family members, St. Luke's House, Alton Burton, etc.)

Declaration of Homer Appleby of The Useful (World Avenue)

Florida Attorney General Bulletin re World Avenue

Web page, "The Useful, a World Avenue Company"

Florida Secretary of State listings for two "World Avenue" companies