UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLD AVENUE, U.S.A., LLC | ) |
| Petitioner, | ) |
| v. | ) Miscellaneous No. 09-557 (HHK/AK) |
| WILLIAM J. WAGNER, | ) |
| Respondent. | ) |

## MEMORANDUM ORDER[1]

Pending before the Court is Petitioner's Motion to Compel William J. Wagner's Compliance with Subpoena Duces Tecum [1], Respondent's Opposition [6], and Petitioner's Reply [7]. Upon consideration of the record and memoranda submitted by the parties, for reasons set forth below, Petitioner's Motion to Compel is **denied**.

**I.    Background**

The underlying suit in this case – *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*, No. 08-921 – is pending in the U.S. District Court for the District of Maryland. (*See* Opp'n to Mot. to Compel [6] at 1.) Beyond Systems, Inc. ("Plaintiff"), a Maryland corporation, is an Internet service provider that has sued World Avenue and others (collectively "Defendants") for violating certain anti-spam statutes. (*Id.* at 2.) Plaintiff corporation is headed by Paul Wagner, the son of William J. Wagner ("Mr. Wagner"), the respondent in the matter before this Court. (Mot. to Compel [1] at 3.) Defendants allege that Plaintiff corporation exists solely to create spam litigation. (*Id.* at 2-3.) Specifically, Defendants allege that Paul Wagner conspired with his

---

[1] United States District Henry H. Kennedy referred this matter to the undersigned (*See* Referral Order [4].)

brother, Joseph Wagner, the owner of Hypertouch – an Internet service provider in California – to funnel spam email from Hypertouch to Plaintiff corporation for the purpose of creating this lawsuit. (*Id.* at 3.)

Relevant to this matter is the fact that several of Plaintiff's servers are housed on two properties located in Maryland that Mr. Wagner owns. (Mot. to Compel [1] at 3-4, 8-9.) Paul Wagner purports to have an office located at 1612 Sherwood Road, Silver Springs, Maryland 20902, a residence that Mr. Wagner owns. (*Id.* at 8-9.) At least one of Plaintiff's servers is located on this property. (*Id.*) Additionally, Plaintiff purportedly maintains a second office housing more servers at a condominium located in Rockville, Maryland. (*Id.*) Mr. Wagner also owns this property and it is where Mr. Wagner and his wife currently reside. (*Id.*)

Defendant served a subpoena duces tecum on Mr. Wagner on July 20, 2009. (*See* Mot. to Compel [1], Ex. N.) The subpoena seeks, *inter alia*, documents related to the ownership, possession, maintenance, and operation of the servers located on Mr. Wagner's properties, Plaintiff corporation's business activities conducted at these locations, and the business relationship between Mr. Wagner and Plaintiff corporation. (*See id.*) In response to this subpoena, Mr. Wagner sent a letter to Defendants' counsel stating that he "received the subpoena and [he] has no materials that" were requested. (*Id.* at Ex. 0.) On August 19, 2009, Defendants' counsel sent a letter to Mr. Wagner attempting to get Mr. Wagner to produce responsive documents to avoid litigating the issue. (*Id.* at Ex. P.) On August 21, 2009, Mr. Wagner again responded by letter that he had "no materials that [Defendants' counsel] asked for." (*Id.* at Q.)

This motion to compel followed. In their motion to compel, Defendants claim that since Plaintiff's servers are located on Mr. Wagner's property, then Mr. Wagner must have the

documents they request.  (Mot. to Compel [1] at 17-18.)  In Mr. Wagner's opposition, he argues that the requests are not appropriately directed to him and that, regardless, he does not have any of the documents that Defendants request.  (Opp'n to Mot. to Compel [6] at 4-5.)  Furthermore, Mr. Wagner requests sanction against Defendant for the time and expensive of having to respond to the subpoena and this motion to compel.  (*Id.* at 5.)

## II.     Legal Standard

Federal Rule of Civil Procedure 45 permits a party to litigation to subpoena documents and tangible things by "command[ing] each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. § 45(a)(1)(A)(iii).  Rule 45 also provides that if a party commanded to produce documents in response to a subpoena objects to doing so, "the serving party may move the issuing court for an order compelling production or inspection."  Fed. R. Civ. P. § 45(c)(2)(B)(i).

## III.    Discussion

Under Rule 45, Defendants are entitled to the documents they seek, and Mr. Wagner never disputes the relevancy of the requests.  (*See* Opp'n to Mot. to Compel [6].)  Furthermore, Mr. Wagner never objected to producing any of the documents when served[1] with the subpoena.  Mr. Wagner instead responded to this subpoena by twice providing Defendants' counsel a written response that he had "no materials" Defendants requested.  (*Id.* at Exs. O & Q.)  Moreover, in

---

[1] Although Mr. Wagner alleges that the subpoena was not properly served on him, he does not challenge service of the subpoena and chooses instead to address the merits of the motion to compel.  (Opp'n to Mot. to Compel [6] at 1.)  The Court, therefore, will not address this issue, and the right to challenge service will be considered waived.

response to the Motion to Compel, Mr. Wagner submitted a sworn affidavit further explaining that he did not have any responsive documents.  (Opp'n to Mot. to Compel [6], Ex. 1 at ¶¶ 6-9.)

Because Mr. Wagner never objected to the subpoena, and because he responded several times, including under oath, that he had no documents responsive to the subpoena, a motion to compel is not the proper avenue to challenge Mr. Wagner's responses.  *See* Fed. R. Civ. P. 45(c)(2)(B)(I) (providing the serving party the right to move the court to compel production when the subpoenaed party *objects* to producing the documents).  If Defendants question the veracity of Mr. Wagner's statements, they can subpoena him for a deposition under Rule 45(a)(1)(B) and make further inquiries into the matter.  Otherwise, since Mr. Wagner claims he does not have any documents responsive to the subpoena, this Court cannot force him to produce what he does not have in his possession.

As to Mr. Wagner's request for sanctions, this Court will defer its ruling pending Defendants establishing that Mr. Wagner in fact had documents that were responsive to the subpoena duces tecum.

### IV.  Conclusion

For the foregoing reasons, it is this 4th day of January, 2010, hereby

**ORDERED** that Defendant's Motion to Compel William Wagner's Compliance with Subpoena Duces Tecum is **denied**.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE