UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff | * | Case no. 1:09-mc-00557 HHK |
| | * | |
| v. | * | |
| | * | |
| **WORLD AVENUE U.S.A., LLC** | * | |
| **Successor by merger to Niutech, LLC** | * | |
| Defendants | * | |

## NON-PARTY WILLIAM WAGNER'S REPLY TO WORLD AVENUE U.S.A, LLC'S OPPOSITION TO WAGNER'S MOTION FOR SANCTIONS.

Non-Party William Wagner, by and through counsel Michael S. Rothman, hereby files this Reply to World Avenue USA, LLC's (WAUSA) Opposition to Wagner's Renewed Motion for Sanctions ("RMS"). On his behalf, Dr. Wagner states as follows :

### I. WAUSA'S Bad Faith

The present Renewed Motion for Sanctions against Defendant WAUSA is filed at the Court's suggestion.[1] At issue is the Defendant's conduct and abuse of the Rule 45 subpoena power in its search for discovery materials in the possession, custody, and/or

---

[1] On January 4, 2010, this Court denied WAUSA's Motion to Compel Discovery Responses from non-party Dr. William Wagner pursuant to Defendant's Subpoena Duces Tecum. In its opinion, the Court reserved ruling on Dr. Wagner's Motion for Sanctions :

> As to Mr. Wagner's request for sanctions, this Court will defer its ruling pending Defendants establishing that Mr. Wagner in fact had documents that were responsive to the subpoena duces tecum.

*See* Court's Order, DE 8 at 4.

1

control of non-party Dr. William Wagner (the father of Paul Wagner -- the founder and president of plaintiff BSI).

In its Opposition, Defendant justifies its abuse of the discovery process using a confusing and irrelevant theory about Plaintiff's corporate citizenship pursuant to the Maryland Commercial Electronic Mail Act ("MD-CEMA").  *See* Def's Opp. at 4.  It is simply a sideshow inapplicable to the RMS.  Plaintiff's claims in the Maryland action are also premised upon violations of the Florida Electronic Mail Communications Acts ("FL-CEMA") -- in which BSI's corporate citizenship would be as irrelevant as Defendant's "nerve center" analysis.  *See* Def's Opp. at 4 & fn. 7.

Defendant's Opposition does not address how its abuse of the discovery process and abuse of its subpoena power under Rule 45 of the Federal Rules of Civil Procedure against a non-party is relevant to the present discussion of sanctions.  The only matter at issue in the present motion is whether Defendant acted in bad faith after it moved to Compel Responses to the Subpoena Duces Tecum.  *See* DE 8.

As the Court noted in its Memorandum Opinion, Dr. Wagner did not note an initial objections to the subpoenas when served and each time (twice) denied having responsive discovery materials.  *See* Def's Mtn. to Compel, Exhibits O & Q.  Later, Dr. Wagner also denied having responsive discovery materials in his Declaration made in response to Defendant's Motion to Compel.  *See* DE 6, Wagner's Opp. to Mtn. to Compel, Exhibit 1 at ¶¶ 6-9.

Despite these three previous denials, Defendants took a deposition of Dr. Wagner on April 5, 2010, that lasted nearly six (6) hours.  During the deposition, WAUSA

Counsel Saunders never asked Dr. Wagner directly whether he had possession of key documents (e.g., invoices, checks, etc.) related to services from BSI. Ostensibly, this was one of the main reasons for the deposition and was certainly the subject of the Motion to Compel. *See* DE 8.

In its Opposition, Defendant argues that its subpoena was justified and that it obtained "incriminating evidence against BSI" from Dr. Wagner during the deposition. However, Defendant does not identify the specific evidence it claims to have learned from Dr. Wagner; what criminal conduct by BSI was revealed; or whether the information could have been obtained elsewhere or by other less intrusive means? *See* Def. Opp. to RMS at 12-16. In any case, Dr. Wagner's deposition testimony confirmed that he had no responsive documents as originally contended by WAUSA.

[Depo of W. Wagner, pp. 152-153]

```
16    Q:    Earlier you referenced that BSI sent you
17    bills for services that it provided you?
18    A:    They didn't -- I don't have any bills from
19    them. I find out from Paul what I owe BSI. I don't
20    think I have any bills from them.
21    Q:    Okay. I -- I thought earlier you said that
22    they sent you bills for services. But if I'm

1     mistaken, then let's go back--
2     A:    No.
3     Q: -- let's clarify that point.
4     A:    Well, to clarify it, I don't have bills
5     from them. I have written -- not written. I have
6     spoken bills from them, you know. You owe me this or
7     that every six months or year, something like that. I
8     don't think I have bills. I'm sure I don't have
9     bills.
```

[Id., p. 156]

3

> 5    Q:    *And I take it from your affidavit*, William
> 6    Wagner No. Exhibit 8, then you're saying *that you have*
> 7    *no written description of the services BSI provides*
> 8    *for which you write these periodic checks*?
> 9    A:    **That's true**.

*See* RMS, **Exhibit A-5** (deposition of Dr. William Wagner) (emphasis added).

The only evidence about BSI that WAUSA alleges it actually derived from Dr. Wagner's deposition was really obtained from a non-party Verizon representative. *See* Def's Opp., Exhibit 8 (Deposition of Verizon Representative Tina Dempsey-Jones) (Filed under seal). And even she could not confirm that Dr. William Wagner had set up the Verizon Account. The only thing that William Wagner confirmed at his deposition was his total unfamiliarity with the Verizon account allegedly held in his name:

[Depo of William Wagner, pp. 116-117]

p. 116

> 21    Q:    Now, Dr. Wagner, how did you come to
> 22    communicate with Verizon to open this account?

p. 117

> 1    *A:*    *I did not, to my knowledge.*
> 2    *Q:*    *So your testimony here today is that you*
> 3    *did not open an account with Verizon on behalf of*
> 4    *Beyond Systems, Inc.?*
> 5    *A:*    *That's correct.*
> 6    Q:    Did you authorize someone to open an
> 7    account with Verizon on behalf of Beyond Systems,
> 8    Inc., using your name?
> 9    A:    I don't think so. This is -- what -- 2005
> 10    or something? What's it -- I don't think so.

*See* RMS, **Exhibit A-5** (deposition of Dr. William Wagner) (emphasis added).

Rather than use Dr. Wagner's deposition as an opportunity to confirm or dispel its previous assertion that the deponent was withholding documents, which should have been a fairly brief matter, Defendant's counsel used the opportunity to berate, intimidate, and harass Dr. Wagner.

WAUSA counsel asked Dr. Wagner no less than *fifteen (15) times* by Counsel Saunders whether he was prepared to accept legal responsibility for his son's actions or for the hardware placed in his home.  *See* RMS at 5-8 & Ex. A-5.  If Dr. Wagner was indeed deposed for the purpose of discovering whether the deponent had any of the documents previously requested by subpoena *duces tecum* -- Counsel has failed by any measure.  Dr. Wagner's deposition could have been reduced to simply one question, "Do you have any documents, checks or records related to BSI?"  Instead, WAUSA used this opportunity to punish and intimidate him.

## II.     Dr. Wagner's "Meet and Confer" Obligation under LCvR 7(m)

Another irrelevant side issue is Defendant's use of the "meet and confer" requirement of Local Civil Rule 7(m) to avoid sanctions for the direct harassment of Dr. Wagner.  Defendant's reliance on this provision is misguided.  Rule 7(m) includes the following "meet and confer" obligations :

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

However, a non-party is not required to "meet and confer" about avoiding a motion for sanctions when such a motion was raised at the Court's suggestion and when such conference would be futile. Opposing counsel had been discussing this very topic for months. Not only was the matter the subject of a Motion to Compel by WAUSA, *see* DE 8, it was also the subject of numerous emails and phone calls. *See* Def's Opp. at Exhibit 6 and related discussion.

Accordingly, the Court should lend no weight to WAUSA's argument that Dr. Wagner failed to satisfy the "Meet and Confer" obligation under LCvR 7(m). Not only would it be pointless in light of the well briefed positions of the parties, it would be contrary to common sense and the speedy and efficacious resolution of this non-party matter. Moreover, WAUSA's contention that the present Renewed Motion for Sanctions was nothing but an unsolicited Surreply filed five months after the Court ruled on the underlying motion is without support in fact or in law. During its earlier consideration of Defendant's untimely Motion to Compel, the Court considered Dr. Wagner's request for sanctions. While it denied Defendant's request for an order, it reserved on the matter of sanctions. The present RMS is merely Dr. Wagner's attempt to re-raise an issue held *sub curia*.

### III.   Dr. Wagner's Undue Burden

Now that the deposition of Dr. Wagner has been concluded, it is abundantly clear that Defendant's actions are deserving of sanction. Rule 45 of the Federal Rules of Civil Procedure states, in part, the following :

(c)   Protecting a Person Subject to a Subpoena.

> (1)   *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

*See* Fed. R. Civ. P. 45(c)(1).

The Committee Notes to the 2006 Amendments to Rule 45 state that sanctions should be liberally applied to any party for abuse of the expanded subpoena powers upon a non-party.  "Because testing or sampling may present particular issues of burden or intrusion for the person served with the subpoena, however, <u>the protective provisions of Rule 45(c) should be enforced with vigilance when such demands are made</u>."  *See* Fed. R. Civ. P. Rule 45(c)(1)(2006 Advisory Committee Notes) (emphasis added).

In the present case, there can be no other conclusion that WAUSA abused its subpoena power against Dr. Wagner.  WAUSA had previously obtained the information it sought through the numerous subpoenas *duces tecum* and other non-party subpoenas it had issued.  WAUSA did not need to subpoena Dr. Wagner to a deposition to confirm what it already knew – that Dr. Wagner had no responsive documents.

As the answer was, "No", regardless of how many ways the question was rephrased, the deposition could have lasted only ten minutes.  Instead, Dr. Wagner, a non-party, was forced to endure what can only be described as a clear abuse of the discovery process.  The undue burden on Dr. Wagner included his time and expense of acquiring and hiring an attorney;  consulting on this matter at least separate times; preparing a declaration in support of his Opposition to the Defendant's Motion to

Compel, and then preparing and appearing for a deposition at WAUSA's Counsel's Office in Washington, DC to be deposed for six hours and videotaped. Dr. Wagner should not have been forced to bear the burden of Defendant's pointless harassment.

### V.  Conclusion.

For all of the above reasons, William Wagner requests an award of attorneys' fees and expenses, including the transcript costs associated with his deposition, his defense against the instant motion to compel, and any other relief this Court deems appropriate. Dr. Wagner requests that the Court permit him to file a separate Affidavit detailing a statement of the time and costs in support thereof, should the Court rule in his favor.

Respectfully submitted :


_____/s/_____   \_\_\_\_\_07/19/10_____
Michael S. Rothman                                          Date
USDC DC Bar No. 467479
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610
mike@mikerothman.com


Of Counsel :


_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Telephone: 301-563-9249

Facsimile: 301-563-9639

*Attorneys for Non-Party William Wagner*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.


_____/s/_____
Michael S. Rothman