# EXHIBIT 1

IN THE U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

WORLD AVENUE USA, LLC, et al.  )
                                )
    Petitioner,                 )
        v.                      )      Miscellaneous No. 09-557 (HHK/AK)
WILLIAM J. WAGNER,              )
                                )
    Respondent.                 )
_____ )

### DECLARATION OF SANFORD M. SAUNDERS, JR.

I, SANFORD M. SAUNDERS, JR., being of full age, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a senior shareholder in the international law firm Greenberg Traurig, LLP (Greenberg Traurig"), and I work out of the firm's Washington, DC office. I am one of the lawyers representing World Avenue USA, LLC ("WAUSA") in the above captioned matter. I submit this Declaration in support of Petitioner WAUSA's Motion and Application As to Amount of Attorneys' Fees ("Application").

2. I have reviewed and approved all invoices regarding this Application.

3. Petitioner WAUSA has agreed to pay Greenberg Traurig an hourly fee for services rendered in this case.

4. Greenberg Traurig, LLP maintains contemporaneous time records reflecting hours worked on a particular matter. The following fees have been incurred in connection with the instant action resulting from the Motion for Sanctions filed by Respondent William J. Wagner.

## LEGAL FEES:

| Timekeeper | Hours | Rate/Hour | Total |
|---|---|---|---|
| Sanford M. Saunders | 13.4 | $625 | $8,375.00 |
| Nicoleta Burlacu | 39 | $290 | $11,588.40 |
| Jozef S. Przygrodzki (paralegal) | 3.2 | $220 | $704.00 |
| **TOTAL FEES** | | | **$20,667.40** |

5. The attorneys' and paralegal fees set forth above are those accrued through July 31, 2010.

6. The hourly rates charged in Paragraph 4 are the customary hourly rates charged to clients for services rendered by Ms. Burlacu, Mr. Przygrodzki, and myself.

7. I have reviewed the factors governing the reasonableness of the attorneys' fees and costs under Rule 1.5 of the District of Columbia Rules of Professional Conduct in light of the factors outlined below:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

2

7.  In light of the foregoing factors, I believe that the fees sought are reasonable and My conclusion is based on the following analysis.

(1) The Motion required considerable time and involved complex questions. Since the Motion was filed two months after the premises inspections were made on April 1 and 2, 2010 and the deposition was taken on April 5, 2010, it required additional time to review the materials. The motion required heightened scrutiny since it went beyond impacting the merits of the case and attacked the integrity of counsel. Thus, it was not a common discovery motion wherein counsel simply needs to show relevance and good faith. Rather, it potentially impacted counsel's personal and their firm's reputation in the DC legal community. Mr. Wagner should have recognized this factor before filing the motion and was on notice that it would draw a strong response. In addition to refuting the legal and factual misrepresentations in Mr. Wagner's brief, we had to research and address the arguments for which, as the Court noted, Respondent failed to cite any legal authorities. Thus, particularly, requiring additional work from counsel. Movant's omission of this fundamental component of brief writing saved his resources and, thus, shifted, hopefully only temporarily, research costs to his opponent;

(2) The time dedicated toward this action is substantial in nature. WAUSA's counsel efficiently responded as approximately 75% of the Opposition and the Surreply was handled by an associate and a law clerk.

(3) Attorneys is the District of Columbia routinely charge such a reasonable rate;

(4) The results obtained were second to none, as the Order acknowledged a withholding of documentation as well as rejecting Respondent's Request for Sanctions and instead imposing sanctions on Respondent;

(5) The circumstances required an immediate response by WAUSA;

(6) This firm has been defending WAUSA in an action pending in the District of Maryland since approximately April of 2008;

(7) The principal attorney handling the matter has substantial experience with this type of matter and has been recognized by Chambers as a leading litigator in DC and after becoming head of the DC litigation section in 2007, Chambers, for the first time in 2008, recognized it as a "go to" firm in DC. His $625 per hour rate is reasonable given his experience; and

(8) The fee is fixed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 13, 2010

Sanford M. Saunders, Jr.