UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WORLD AVENUE U.S.A., LLC | * | |
| | * | |
| Petitioner | * | Case no. 1:09-mc-00557 HHK |
| | * | |
| v. | * | |
| | * | |
| WILLIAM J. WAGNER | * | |
| | * | |
| Respondent. | * | |

**RESPONDENT, NON-PARTY WILLIAM WAGNER'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE'S RULING AWARDING ATTORNEY'S FEES**

Respondent and Non-Party Dr. William Wagner ("Dr. Wagner" and/or Respondent), by and through undersigned counsel Michael S. Rothman, respectfully submits this objection pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2 to the ruling of Magistrate Judge Alan Kay, awarding attorney's fees against Respondent "related to responding to this instant renewed motion for sanctions" due to Dr. Wagner's alleged failure to produce bank checks which he wrote. *See* DE 21 [Memorandum Order Denying Respondent's Motion for Sanctions]. Dr. Wagner has no such checks to produce, and never had copies of any such checks. Dr. Wagner testified that he paid by check (i.e. wrote and delivered them) to his internet services provider. Dr. Wagner's bank does not return copies of checks written by its customers. The existence of any checks or copies thereof in Dr. Wagner's possession during the pendency of the subpoena is solely a conjuring by Petitioner. It is therefore inappropriate to award costs

and fees against Respondent Dr. Wagner for failing to turn over documents that he in fact does not have.

As discussed more fully below, Magistrate Kay's award of attorney's fees against Petitioner is clearly erroneous. Dr. Wagner's testimony at his five hour deposition on April 5, 2010, that he paid for Plaintiff Beyond Systems Inc's (BSI) Internet service via check was perfectly compatible with his letters of response to Petitioner's Subpoena Duces Tecum on both August 6th & August 21st, 2009, and May 28, 2010 that he did <u>not</u> have any documents in his possession. *Compare* DE 1, Exs. O & Q [Respondent's Ltrs. Response to Subpoena Duces Tecum, Aug. 6 & 21, 2009]. Petitioner's subsequent deposition did not confirm that Dr. Wagner had these documents in his possession. It merely confirmed that he wrote and delivered a check for services to his Internet Services Provider. Petitioner never inquired as to the existence of the check or copies since the subpoena was issued.

**I.     BACKGROUND**

Respondent William Wagner is a 72-year old retired NASA solar physicist living in Rockville, Maryland, with no current ties to Washington, DC. As a non-party to this case and a resident of Maryland, Dr. Wagner has accepted service of Petitioner's subpoena rather than challenging service of process in the interests of expediting this matter. He also submitted to an invasive video inspection by Petitioner of his residence and former residence, rather than incur the time and expense required to file a protective order.

The underlying suit, as captioned above, is pending in the U.S. District Court for Maryland, Southern Division (Greenbelt). In the underlying action in the United States District Court of Maryland, Respondent alleges that Petitioner violated the Maryland Commercial Electronic Mail Act through an organization known broadly as "the World Avenue" family of companies. This organization operates a "lead generation" advertising scheme via the Internet using commercial emails containing false or deceptive information to entice customers to provide their personal identifying information at certain websites.

On January 4, 2010, this court denied Petitioner World Avenue's Motion to Compel William J. Wagner's Compliance with Subpoena Duces Tecum, noting that "this Court cannot force him to produce what he does not have in his possession." *See* DE 8 at 4. In response, Dr. Wagner sought costs from Petitioner under Rule 45 for World Avenue's abusive use of the subpoena power against a non-party. The court deferred the request at that time pending further discovery :

> As to Mr. Wagner's request for sanctions, this Court will defer its ruling pending Defendants establishing that Dr. Wagner in fact had documents that were responsive to the subpoena duces tecum.

DE 8 at 4.

On June 9, 2010, after being deposed by Petitioner World Avenue, Dr. Wagner renewed his request for sanctions. The matter was referred to Magistrate Judge Kay who denied the Respondent's Motion for Sanction and instead awarded costs and fees to Petitioner World Avenue based primarily on Petitioner's presumption that Dr. Wagner

<u>must</u> be in possession of the checks or copies of the checks referred to in the deposition, because Dr. Wagner <u>paid</u> for BSI's services by check.

On July 30, 2010, the Court entered an Order at DE #21 [Magistrate Alan Kay] denying Respondent's Renewed Motion for Sanctions and ordering Petitioner to submit costs and reasonable attorneys' fees associated with this Renewed Motion for Sanction for review by this Court." *See* DE 21.

Magistrate Kay's Order is clearly erroneous because in his findings he "presum[ed]" that Respondent William Wagner was in possession of such checks by taking Petitioner's word for it without supporting facts from the deposition. *See* DE 21 at 8. Furthermore, Magistrate Kay did not even address the question of whether Dr. Wagner knew that the check was "payment for services . . . relating to the Servers." For these reasons, Magistrate Kay's Order was clearly erroneous and Plaintiff respectfully requests that the Order be reversed.

## II. <u>ARGUMENT</u>

### A. Legal Standard for a Motion for Reconsideration Under Fed. R. Civ. P. 72

If a timely objection is made to the non-dispositive findings of a magistrate judge, the district court judge may "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *See Page v. PBGC*, 498 F. Supp. 2d 223 (DDC 2007); *see*

*also* LCvR 72.2(c) ("Upon a motion for reconsideration . . . a judge may modify or set aside any portion of a magistrate judge's order . . . found to be clearly erroneous or contrary to law.").

In this case, Magistrate Kay's ruling was clearly erroneous or contrary to law because the Court assumed facts not in evidence, as well as the logical import of those facts, without any factual support in the deposition or the supporting documents referenced by either party.

      **B.**      **Magistrate Kay's Ruling Erroneously Assumed Respondent Possessed the Referenced Checks without Factual Support for the Supposition.**

In the Magistrate's ruling, the Court made the unsupported leap of logic that Respondent was in possession of responsive documents to Petitioner's Subpoena Request No. 4 : "Documents reflecting method(s) of payment for services, including receipts/invoices/fee structure, relating to the Servers."  (Mot. to Compel, Ex. N ¶ 4) [DE 21 at 8].  Moreover, the Court found that "Respondent misrepresented the facts to this Court, resulting in a failure to obey the subpoena."  *See id.*  Such a misreading of the deposition is unsupportable based on Dr. Wagner's testimony.

Dr. Wagner's objections can be distilled into the following three points :

- Contrary to the Court's Memorandum Opinion, Dr. Wagner's deposition did not reveal he was in possession of any of the checks discussed during the pendency of World Avenue's subpoena.  Dr. Wagner merely testified that he paid BSI for Internet services via check.  *See* Dep. Tr. at 153-157.  Petitioner **never** asked Dr. Wagner in his follow-up deposition whether Dr. Wagner was in possession of checks or copies of checks referenced in his deposition or why they were not produced then or even now.

- There is no evidence in the record anywhere that copies of such checks, some of which date back to the 1990's, either:  (i) exist today, or (ii) were

5

- or are obtainable by Dr. Wagner. Dr. Wagner's bank does not return copies of the checks written by its customers.

- The US District Court for the District of Columbia was an inappropriate venue for the underlying Motion to Compel because neither the Petitioner nor Respondent has any connection to the jurisdiction of this court. Dr. Wagner resides and was served in Maryland with a subpoena whose caption and issuing court is the District Court of Maryland. Magistrate Charles Day has been specifically assigned to handle discovery disputes in that jurisdiction, and that Court has already invested significant resources in the resolution of this action. This fact that William Wagner pays BSI by check for internet services has never been in dispute in the underlying matter in the District Court of Maryland. Petitioner World Avenue filed this motion in this court presumably to inconvenience Dr. Wagner and to avoid scrutiny by the trial court in Maryland.

### III.  CONCLUSION

For all these reasons, Respondent William Wagner respectfully requests that the Magistrate's Order [DE 21] awarding Petitioner's costs and attorney's fees relating to responding to the underlying Renewed Motion for Sanctions be reversed as clearly erroneous and contrary to law. Respondent respectfully requests a hearing on this matter.

Respectfully submitted

| /s/ | 08/13/10 |
|---|---|
| Michael S. Rothman | Date |

USDC DC Bar No. 467479
E. Jefferson Street, Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610

Of Counsel :

| /s/ | 08/13/10 |
|---|---|
| Stephen H. Ring | Date |

**Stephen H. Ring, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Telephone: 301-563-9249
Facsimile: 301-563-9639

*Attorneys for Non-Party William Wagner*

## REQUEST FOR HEARING

Respondent respectfully requests a hearing before the Court.

## Certificate of Service

I certify that on this 13th day of August, 2010, a copy of the foregoing RESPONDENT, NON-PARTY WILLIAM WAGNER'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE'S RULING AWARDING ATTORNEY'S FEES was filed electronically via the Court's CM/ECF system, and served electronically on all counsel of record via the Court's electronic notification system.

_____/s/_____
Michael S. Rothman