UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WORLD AVENUE U.S.A., LLC * | |
| * | |
| Petitioner * | Misc. No. 09-557 (HHK/AK) |
| * | |
| v. * | |
| * | |
| WILLIAM J. WAGNER * | |
| * | |
| Respondent. * | |

### RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER WORLD AVENUE USA, LLC'S MOTION AND APPLICATION AS TO AMOUNT OF ATTORNEY'S FEES

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Civil Rule 72.2, Respondent and non-party Dr. William Wagner ("Dr. Wagner" or Respondent), by and through undersigned counsel Michael S. Rothman, hereby files this Opposition to Petitioner World Avenue USA, LLC's ("World Avenue") Motion and Application as to Amount of Attorneys' Fees. Respondent has also cross-filed its objections to the Magistrate's July 30th Order imposing the sanctions at DE 21. *See* DE 23 ( 08/13/10) (Respondent's Objections to the Award of Attorney's Fees).

As discussed previously, the award of sanctions against Respondent is clearly erroneous and/or contrary to law. In its July 30th Order, the Court wrongly presumed that Dr. Wagner was in possession of copies of the "checks" he wrote years earlier. Respondent timely objected to Magistrate Kay's findings and requested review with the District Court pursuant to Federal Rule 72 and Local Civil Rule 72.2. Dr. Wagner now

awaits a decision on its appeal of this Court's July 30th Order. As a result, Respondent further argues that the matter of the amount of attorney's fees is not ripe for determination now.

In the alternative, assuming *arguendo* that the Court's award of costs and attorneys' fees to the Petitioner remains intact, Respondent respectfully requests that this Court review Petitioner's Application for reasonableness in terms of both time expended and hourly rate charged. World Avenue's Counsel's request for "costs and reasonable attorneys' fees associated with the Renewed Motion for Sanction" in the amount of $20,667.40 is patently obscene. Petitioner should be embarrassed about how it grossly overstaffed the present matter and intentionally complicated the matter by filing in the wrong jurisdiction. Accordingly, Petitioner should be awarded minimal costs and attorneys' fees in line with the task undertaken.

### Magistrate Kay's July 30, 2010 Order at DE 21

The Order states, in part, :

> [T]his Court finds it appropriate to award Petitioner costs and attorneys' fees related to responding to this instant renewed motion for sanctions. However, this Court declines to order sanctions by way of costs and fees for the deposition or the original motion to compel.

DE 21 (July 30th Order), at 9.

### I. Background.

Dr. Wm. Wagner is a 72 year-old retired government scientist living off a modest government pension in a condominium in Rockville, Maryland and has no ties to Washington, D.C. by way of residence, work, or regular course of conduct. Dr. Wm.

Wagner permits his son, Mr. Paul Wagner, to maintain computer equipment in one room at their condominium in Rockville, Maryland and in another room at their former residence in Silver Spring, Maryland.  Dr. Wagner has no expertise with computers and does not participate in the activities of Beyond Systems, Inc. ("BSI"), their son's Maryland corporation.

Dr. Wm. Wagner is Mr. Paul Wagner's Father.  Mr. Wagner is the President of BSI.  BSI provides basic computer services to the Wagners for their home computer use, including connection to the Internet, email service and basic troubleshooting.  Dr. Wm. Wagner paid BSI for computer-related services on an irregular basis, and testified to writing checks for BSI's services.  At no time did Dr. Wagner admit to having copies of such checks. (Dr. Wagner Dep. Tr. at 153-157.)

## II.  BSI's Claims Against World Avenue in Maryland

BSI is a small Internet Services Provider (or "ISP") located and incorporated in Maryland.  BSI is the Plaintiff in the underlying case in Maryland against Petitioner World Avenue.  *See BSI v. World Avenue U.S.A., LLC*, Case No. 08 cv 0921 (D. MD) (PJM).  BSI alleges that World Avenue and its affiliates bombarded BSI with over 70,000 false and misleading commercial emails since 2004. As a result, BSI brought suit against several of the World Avenue companies and its principal, Niuniu Ji, under the Maryland Commercial Electronic Mail Act, Commercial Law §14-3001 et seq. ("MD-CEMA") and the Florida Commercial Electronic Mail Act, Florida Statutes, §§668.603 and 668.606 ("FL-CEMA"), for their role in conspiring or assisting in the transmission of deceptive commercial email.  Despite repeated warnings, Attorney General investigations, or this

underlying litigation, World Avenue continues its practices of flooding BSI's inboxes with unsolicited false and misleading emails.

Defendant World Avenue is part of a group of entities based in Sunrise, Florida or the U.S. Virgin Islands, describing itself as the "World Avenue Companies." For a number of years now, World Avenue and/or its precursor(s) have been continuously defending themselves in attorney general actions and private suits, against claims arising from false and misleading commercial emails promoting World Avenue's marketing schemes.

Since the inception of this lawsuit in Maryland, Defendant has filed four Motions to Dismiss the case [DE 13]; [DE 40]; [DE 55]; [DE 323] (present motion); one Partial Motion for Summary Judgment [DE 266]; three Motions to Quash depositions or subpoenas, [DE 104], [DE 157], and [DE 323]; and one Motion to Compel Compliance, [DE 232], all while simultaneously preventing access to its own discoverable information on an absurd "stovepipe" theory that none of the World Avenue family of companies, housed in the same Florida office complex, has any relevant information about any other World Avenue company housed in the same complex.

### III.  Defendant's Efforts to Obtain the Documents at Issue

The July 30th Order [DE 21] states at p. 8:

The deposition revealed that Respondent paid BSI by check, via an extant bank account. (Dep. Tr. at 153-157.)  Such checks – <u>presumably</u> in Respondent's "possession, control, or custody" (Opp'n at 18) – are responsive to subpoena request no. 4: "Documents reflecting method(s) of payment for services, including receipts/invoices/fee structure, relating to the Servers"

(Mot. to Compel, Ex. N ¶ 4.)"  [Emphasis added.]

The Application for attorney's fees and the July 30th Order inviting its filing, are grounded on the unsupported assumption that Dr. Wm. Wagner is withholding documents. This is not the case. The subpoena was issued on July 20, 2009, and sought production on or before August 10, 2009. The deposition of Dr. Wagner elicited no information that Dr. Wagner had "the checks" at any particular time, other than at the moment he wrote them. Moreover, Dr. Wagner did not make a copy of the check to retain for his records. Further, there has been no determination in this case that Dr. Wagner, a non-party, is under any obligation to apply to his bank, another non-party, to search its archives to retrieve hard copies or images of cancelled checks, a costly and burdensome effort that would be well beyond Dr. Wagner's ordinary practices.

### IV.     World Avenue's Burden to Show Reasonableness

WAUSA bears the burden to prove the reasonableness of its fee submission. In "order to calculate a fee award, '[the court] must determine: (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation.'" *Electronic Transaction Sys. Corp. v. Prodigy Partner Ltd., Inc.*, 2009 WL 3273920, at *1, *2 (D.D.C. October 9, 2009) quoting *Woodland v. Viacom*, 255 F.R.D. 278, 280-81 (D.D.C. 2008)). Petitioner's reliance on the rates in the *Electronic Transactions* case is misplaced. In that case, the Defendant did not respond to Plaintiff's motions for attorney's fees and did not rebut the Affidavit that these were customary charges, thereby allowing the presumption of reasonableness regarding the hourly rates. *See Electronic Transactions*, 2009 U.S. District Lexis at 6.

In the present matter, undersigned counsel submits an affidavit disputing the fees

submitted by Petitioner as unreasonable. *See* **Exhibit A**. At the very least, the Court has failed to consider the Federal Lodestar Rate as an alternative source of what a reasonable hourly fee for attorney's fees would be.

### V.     Excessive time by senior partner and others.

World Avenue's Application for costs and attorney's fees seeks to recover for time spent by the following individuals at the defined rates : (a) Sanford M. Saunders, Jr., for 13.4 hours at the hourly rate of $625 per hour; (b) Nicoleta Burlacu, for 39 hours at the rate of $290 per hour; and (c) Jozef S. Przygrodzki, for 3.2 hours at the rate of $220 per hour. World Avenue's time records indicate that its attorneys and paralegals allegedly spent time on this matter beginning on June 22, 2010 and ending on July 22, 2010. Respondent's Renewed Motion for Sanctions was filed on June 9, 2010 [DE 9], and Magistrate Kay's Order was issued July 30th [DE 21].

If this were a typical Opposition to Respondent's Motion for Sanctions, one would not have expected Petitioner's Counsel to staff Sanford Saunders, Esq, the co-managing partner of the Washington, DC Office of the International Law Firm of Greenberg Traurig, LLP, on a motion for sanctions against a 72-year old non-party retiree, and asked him to spend nearly fourteen (14) hours reviewing it. Rather, Respondent points out once again that Petitioner's billing practices exemplify Petitioner's "scorched earth" litigation tactics.

For example, in the underlying case in Maryland, Petitioner has filed four Motions to Dismiss the case [DE 13]; [DE 40]; [DE 55]; [DE 323]; one Partial Motion for Summary Judgment [DE 266]; three Motions to Quash depositions or subpoenas,

[DE 104], [DE 157], and [DE 323];  and one Motion to Compel Compliance, [DE 232], all while simultaneously denying BSI access to its own witnesses nor agreeing to set deposition dates for any of its witnesses.  This is not a mere coincidence.  This is Greenberg Traurig's deliberate and calculated litigation tactic that has spread now from the District Court in Maryland to the District Court in the District of Columbia.  Respondent merely wanted the harassment to stop.

## VI.     Inflation of Work by Choice of Forum.

By filing a new action in this Court, World Avenue's counsel created a pretext to inflate hours by briefing the entire history of the case.  William Wagner lives in Maryland and has no connections with Washington, D.C.  The underlying case is pending in the U.S. District Court for Maryland, Southern Division, where Judge Messitte and the appointed Magistrate assigned to discovery matters, Judge Charles B. Day were already familiar with the history and well-versed in the minutia of the case.  The obvious place to have filed this action to enforce would have been in the federal court in Maryland.

World Avenue's filings in this Court have been far more extensive than would have been necessary in the underlying action.

## VII.    Measure of Reasonableness

On the issue of reasonableness, the plaintiff must submit supporting documentation with the motion for attorney's fees, "providing sufficient detail so that the Court can determine 'with a high degree of certainty' that the hours billed were actually and reasonably expended, that the hourly rate charged was reasonable, and that the matter was appropriately staffed to do the work required efficiently and without duplicative

billing." *Heard v. District of Columbia*, 2006 WL 2568013, at *1, *7 (D.D.C. 2006) (quoting *Watkins v. Vance*, 328 F. Supp. 2d 23, 26 (D.D.C. 2004)) (in turn quoting *In re Olson*, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989)). "At a minimum, the plaintiff must provide some information about the attorneys' billing practices and hourly rate, the attorneys' skill and experience (including the number of years that counsel has practiced law), the nature of counsel's practice as it relates to this kind of litigation, and the prevailing market rates in the relevant community." *Heard*, 2006 WL 2568013, at *6 (quoting *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

Petitioner argues that in forming its judgment about reasonableness, it is not necessary for the Court to form a judgment about each time entry and decide what each entry is worth. *See Holbrook*, 305 F. Supp.2d at 46 (quoting *Copeland v. Marshall*, 641 F.2d 880, 903 (D.C. Cir. 1980)). Taken as a whole, without dissecting each entry, it is patently clear that the charges sought are excessive for the task that was at hand.

In the present matter, undersigned counsel submits an affidavit disputing the fees submitted by Petitioner as unreasonable. *See* **Exhibit A**. At the very least, the Court has failed to consider the Federal Lodestar Rate as an alternative source of what a reasonable hourly fee for attorney's fees would be.

### VIII.   Complexity and "Extensive Effort."

Petitioner's argument on complexity and "extensive effort" cannot pass the laugh test. Petitioner argues that ". . . the underlying litigation is more than two years old and in order for this Court to properly assess the facts, WAUSA had to outline the relevant facts which also required time and effort." Again, the need to recount the history of the

case was created by Petitioner's choice to file in the United States District Court for the District of Columbia rather than in Maryland, where the history of the case was already known to the court.

The allegations of irregularities in filings by Dr. Wagner were *de minimis* and were quickly rectified without prejudice. The photographs and video footage referenced by Petitioner contain the same subject matters as were taken by World Avenue, the proponent of the video inspections, and were thus redundant with images already in Petitioner's possession. Petitioner took every opportunity to expand its investment of time in this matter. The commentary on a sur-reply brief is inapposite, as the subject matter for the fee application is expressly stated in the order, and does not include the sur-reply.

## IX. Billing Judgment

Petitioner states that the standards require WAUSA to exercise "billing judgment", quoting:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority. *See Heard v. District of Columbia*, 2006 WL 2568013, at *1, *7 (D.D.C. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 464 (1983)).

Respondent disagrees that Petitioner has exercised the requisite "billing judgment." Petitioner assigned the relatively simple task of briefing its case to the

highest-billing counsel, and expended unreasonable amounts of time in the effort.  The project was conspicuously top-heavy, with senior counsel's time dominating that of the junior members of the team, where the task was more suitable for a paralegal.  The claimed reduction of fees leaves one to wonder how Petitioner bills for the more substantial filings on truly major issues in the underlying case.  Petitioner has not represented that its client has been billed for the services claimed, or that payment has been made.

WHEREFORE, Respondent respectfully requests that this Court award no damages or minimal damages based on the reasonable rates and reasonable hours expended reflecting this minor matter.

Respectfully submitted ,


_____/s/_____
Michael S. Rothman
E. Jefferson Street, Suite 201
Rockville, MD 20850
Telephone: (301) 251-9660
Facsimile: (301) 251-9610

Of Counsel :


_____/s/_____
Stephen H. Ring
**STEPHEN H. RING, P.C.**
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
Telephone: 301-563-9249
Facsimile: 301-563-9639

*Attorneys for Respondent William Wagner*

## Certificate of Service

I certify that a copy of the foregoing documents was served on the date of ECF filing, via the ECF system, on all counsel of record.

_____/s/_____
Michael S. Rothman

## Table of Authorities

*Electronic Transaction Sys. Corp. v. Prodigy Partner Ltd., Inc.*, 2009 WL 3273920, (D.D.C. October 9, 2009) *quoting Woodland v. Viacom*, 255 F.R.D. 278, 280-81 (D.D.C. 2008)

*Kattan ex rel. Kattan v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)).

*Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D.D.C. 1983)).

 (quoting Covington v. Dist. of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

## EXHIBITS

EXHIBIT A – ROTHMAN AFFIDAVIT

EXHIBIT B – LODESTAR RATES